IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY RAY DAILEY | § | |
| v. | § | CIVIL ACTION NO. 6:07cv24 |
| RICHARD BOGELGESANG, Warden, Neal Unit, and | § | |
| BRUCE ZELLAR, Director, Federal Bureau of Prisons, Region 5 | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Petitioner Anthony Dailey, an inmate currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus challenging aspects of his confinement. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. §636(c).

In his habeas corpus application, Dailey raises two separate claims. These are: (1) the revocation of his parole was unlawful, and (2) the federal authorities erred by allowing him to return to Texas state prison rather than placing him in federal custody. The Respondent Director of TDCJ has been served and has filed a motion to dismiss the petition for want of jurisdiction.

A federal pre-sentence report in cause no. 6:04cr67, United States of America v. Anthony Dailey, et al., sheds light on Dailey's convoluted criminal history. This report shows that Dailey was convicted in the 264th Judicial District Court of Bell County, Texas, on May 1, 1992, of two counts of possession of cocaine with intent to deliver, receiving concurrent sentences of 20 years in prison. He was released on parole on March 30, 1994, but this parole was revoked on June 2, 1995, because of federal charges for conspiracy to distribute cocaine base in the U.S. District Court for the Western

1

District of Texas. On July 28, 1995, he pleaded guilty to these charges, receiving a sentence of 97 months in prison, followed by five years of supervised release.

On April 15, 2002, Dailey was released to supervision until April 14, 2007. However, he did not return to the physical custody of TDCJ at that time. On August 6, 2004, he was arrested and charged with bank robbery and with use and carrying of a firearm during and in relation to a crime of violence. On March 2, 2005, a superseding indictment was issued charging him with three counts of bank robbery and aiding and abetting a crime of violence. He entered a plea of not guilty and a jury trial was conducted. On August 9, 2005, Dailey was convicted of all three counts in the superseding indictment, and on March 24, 2006, an amended judgment was entered (correcting a clerical error in the prior entry of judgment) sentencing Dailey to 240 months in prison, followed by three years of supervised release, as well as restitution in the amount of $43,652.51. The pre-sentence report says that at the time that the bank robberies were committed, Dailey was serving a five-year term of supervised release from the Western District of Texas for the federal offense of conspiracy to distribute cocaine base, and was also on parole from state prison for the offense of possession with intent to deliver cocaine.

On May 10, 2006, Dailey's supervised release was revoked and he received an additional 33-month sentence for violating the terms of his supervised release. This matter is currently on appeal before the Fifth Circuit Court of Appeals. Dailey says that he was committed to the Federal Bureau of Prisons, but that at some time in early June, "his federal time stopped running" and his custody was re-designated to the Texas Board of Pardons and Paroles to resume service of his state sentence.[1]

The Director of TDCJ-CID's motion to dismiss for want of jurisdiction states that Dailey's state conviction was handed down in Bell County, Texas, and he is currently confined in Amarillo, Potter County, Texas. Neither Bell County nor Potter County are within the Eastern District of

---

[1]The precise date of Dailey's return to TDCJ-CID is not in the record, but it is not disputed that he was confined at the Neal Unit of TDCJ-CID in Amarillo at the time that he filed this petition.

Texas, and so the Director maintains that this Court lacks jurisdiction to hear Dailey's petition concerning the validity of his parole revocation.

The habeas corpus venue statute, 28 U.S.C. §2241(d), states as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

In this case, Dailey was convicted in Bell County, and he is confined in Potter County. Neither of these is within the Eastern District of Texas, and so the Director's contention that this Court lacks jurisdiction to hear his challenge to the revocation of his state parole is correct. *See, e.g.,* Matter of Green, 39 F.3d 582, 583 (5th Cir. 1994).

Dailey also complains that he is improperly in the custody of TDCJ because he has a federal sentence to serve. He contends as follows:

> Mr. Dailey was convicted of robbing 3 federal financial institutions in violation of federal statutes 18 U.S.C. §2113 and 18 U.S.C. §2 and was given 20 years for each count to run concurrently. Because of the conviction under these federal statutes and the 20 year sentence being adequate to achieve the total punishment under the "concurrent law doctrine," Mr. Dailey should have been confined in a federal institution or prison and his parole violation time ran concurrent with the "hefty" 20 years sentence which was adequate to achieve the total punishment for the crime committed. Mr. Dailey contends that the actions of the Bureau of Prisons was arbitrary and capricious since they had "sovereign jurisdiction" and "primary custody" of Mr. Dailey.

Dailey goers on to say that in June of 2006, his federal time stopped running and his custody was re-designated to the Texas Board of Pardons and Paroles to begin serving a state parole violation which could have been run concurrently with the 20-year federal sentence; he says that the Bureau of Prisons "abused its discretion" by stopping his federal time and re-designating him back to the custody of the State of Texas.

This is not a complaint about the legality of the sentence which Dailey received in federal court, but rather a challenge to the manner in which that sentence is being executed. As such, it

properly arises under 28 U.S.C. §2241. Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000); U.S. v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992) (*per curiam*).

The Fifth Circuit has held that the district of incarceration is the only district with jurisdiction to entertain a Section 2241 petition. Lee v. Wetzel, 244 F.3d 370 (5th Cir. 2001). In this case, the Eastern District of Texas is not the district of incarceration, and so the Court lacks jurisdiction to entertain Dailey's petition to the extent that he challenges the execution of his federal sentence (i.e. by being placed in state rather than federal prison).

While Dailey thus brings two separate claims in the present case - one concerning the validity of the revocation of his state parole, and one concerning the execution of his federal sentence - it is apparent that this Court, the Eastern District of Texas, lacks jurisdiction to hear either of these contentions. Consequently, Dailey's petition should be dismissed without prejudice for want of jurisdiction.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a Section 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, a petitioner must make the same showing as was required for a certificate of probable cause. Else v. Johnson, 104 F.3d 82, 83 (5th Cir. 1997). The only difference is that the district court, in granting a certificate of appealability, must specify the issues to be appealed. Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997).

The prerequisite for either a certificate of probable cause or a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996); James v. Cain, 50 F.3d 1327, 1330 (5th Cir. 1995). To do this, he must

demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. James, 50 F.3d at 1330.

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

In this case, Dailey has not shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that the Eastern District of Texas lacks jurisdiction to hear either of the claims which he raises. Nor has he made a substantial showing of the denial of a constitutional right in such a manner as this Court can hear the claim. Consequently, Dailey is not entitled to a certificate of appealability, and it is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for want of jurisdiction. 28 U.S.C. §2241. It is further

ORDERED that the Petitioner Anthony Dailey is hereby DENIED a certificate of appealability *sua sponte*. Neither the dismissal of the petition nor the denial of a certificate of appealability shall prevent Dailey from seeking habeas corpus relief in the court or courts of proper jurisdiction. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **30** day of **April, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE